HOTCHKISS *et al.* v. HOTCHKISS, (two cases.)

(*Supreme Court, General Term, First Department.* November 23, 1888.)

1. INJUNCTION—ORDER—RECITAL OF GROUNDS.
An order granting an injunction, and stating, in the language of Code Civil Proc.
N. Y. § 603, that it appears from the complaint that the plaintiffs demand and are
entitled to a judgment restraining the commission or continuance of an act, the
commission or continuance of which, during the pendency of the action, would pro-
duce injury to the plaintiffs, does not recite the grounds for the order, as required
by section 610.

2. EXECUTORS AND ADMINISTRATORS—ACTION FOR ACCOUNT—INJUNCTION.
An injunction restraining alleged creditors from requiring executors to account
before the surrogate will not be granted, where the complaint does not show any
action of the surrogate detrimental to the executors, nor that he has unjustly re-
fused to hear objections to the claims presented.

Appeal from special term, New York county.

Two actions by Maria H. Hotchkiss, administratrix, and William C. Gulli-
ver, administrator of Benjamin B. Hotchkiss, deceased,—the first being against
Charles A. Hotchkiss, and the second against Anna M Hotchkiss,—seeking
to restrain defendants from requiring plaintiffs to account. Plaintiffs appeal
from an order refusing to continue an injunction and vacating a preliminary
stay.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*C. B. Alexander*, for appellants.    *F. C. Reid*, for respondents.

MACOMBER, J. These cases may be considered together. No ground for
granting the order is stated, except in the language of the Code, § 603, to the

effect that it appears by the complaint that the plaintiffs demand and are entitled to judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiffs. This is not a compliance with section 610 of the Code of Civil Procedure, which requires that the grounds for the order be recited. Irrespective of this consideration, however, it appears from the nature and the substance of the actions that the plaintiffs have not suffered and are not in such imminent danger of suffering any damage as would entitle them to come into this court, either for restitution of any rights of which they have been deprived, or for the prevention of any wrong which is threatened to be done to them.

The purpose of these actions is to obtain perpetual injunctions restraining the defendants from requiring the plaintiffs to account before the surrogate of the county of New York. After the expiration of 18 months and upwards from the time letters of administration were issued to them, the plaintiffs were cited to appear before the surrogate and render their accounts. The defendants allege, respectively, in their petitions before the surrogate, that they are creditors of the estate of B. B. Hotchkiss, deceased, (one of them, Anna M. Hotchkiss, in the sum of $5,000, and the other in the sum of $1,199.47, for various expenses incurred, besides a claim for four shares of Dry-Dock, East Broadway & Battery Railroad Company's stock of New York City, together with a $400 certificate of the indebtedness of the same road.) These petitions were filed and served on the 14th day of November, 1887. In their complaint the plaintiffs allege that after the expiration of the six months since the granting of the letters to them they inserted a notice once in six weeks, for six months, in the proper newspapers, and that such publication provided by law terminated on the 18th day of July, 1887. It is further alleged that on the 22d day of May, 1886, one Phineas T. Barnum presented the identical promissory note in question to these executors, which was promptly rejected by the plaintiffs, and the same was afterwards transferred to the defendant Anna M. Hotchkiss. In regard to the claim of the defendant Charles A. Hotchkiss it was alleged that the plaintiffs have endeavored to repay him for the funeral expenses of their intestate disbursed by him, but he has refused to receive the same. As to the residue of the claim of the defendant Charles A. Hotchkiss, the plaintiffs set up an agreement whereby a compromise was to be effected thereon through an application to the surrogate, upon the consent of all parties, which application the surrogate granted on the 28th day of November, 1887. The plaintiffs deny wholly the claim of the defendant Charles A. Hotchkiss, and seek to avoid liability upon the claim of Anna M. Hotchkiss, as above stated. The only ground of objection that there appears to be to the claim of Anna M. Hotchkiss is that the note is barred by the short statute of limitations, by reason of the failure of that defendant to bring an action thereon after the rejection of the same by the anministrators, while it was yet in the hands of Phineas T. Barnum. A most noticeable defect in the plaintiffs' papers is the omission to allege any action or want of action on the part of the surrrogate to the detriment of the plaintiffs. It is not shown that he has unjustly or erroneously refused to hear objections made by the plaintiffs to the claims presented by the petitioners in that court, or that he has refused to hold that the petitioners are not creditors. The proposition that the surrogate should pass upon a disputed claim is not contended for by either of the parties. Nowhere is there any allegation showing that the surrogate has not or will not proceed upon the petitions before him according to law and to the facts presented before him. If it shall turn out that the surrogate has no power under the statute to pass upon the validity of either of these claims, he will undoubtedly in due time say so, and refuse to proceed. If he shall omit or in any respect fail to determine the legal rights of the plaintiffs in the manner within the jurisdiction accorded to him by law, the application of the

plaintiffs would be timely, but until then the plaintiffs do not seem to be in a position to ask the interference of this court. The order appealed from should be affirmed, with $10 costs as of one action, and disbursements in both.

VAN BRUNT, P. J., concurs. BARTLETT, J., concurs in the result.